IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WINFRED A. MILNER, AP-6690, )
    Petitioner, )
     )
    v. ) 2:14-cv-1282
     )
COMMONWEALTH OF PENNSYLVANIA, et al. )
    Respondents. )

REPORT and RECOMMENDATION

I. Recommendation:

Presently before the Court for disposition is Respondents Motion to Dismiss (ECF 16). For the reasons set forth below, it is respectfully recommended that the Motion be granted and the petition of Winfred A. Milner for a writ of habeas corpus (ECF. No.4) be dismissed as time barred, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Winfred A. Milner has presented a petition for a writ of habeas corpus. Milner is presently serving a twenty-five to fifty year sentence imposed following his conviction by a jury of rape, involuntary deviate sexual intercourse, unlawful restraint, simple assault and criminal conspiracy at No. CC. 1982-05326 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on May 20, 1983.[1] An appeal was taken to the Superior Court which Court on April 4, 1985 affirmed the judgment of sentence and review was denied by the Pennsylvania Supreme Court of October 21, 1985.[2]

Appended to the petition as Exhibit 9, is the November 15, 2012 Opinion of the Hon. Robert C. Gallo of the Court of Common Pleas setting forth the further chronology of this prosecution:

---

[1] See: Petition at ¶¶ 1-6 and supporting documentation.
[2] Id. at ¶ 9.

1

The amended PCRA petition arose from the December 6, 1982 jury verdict finding Petitioner guilty of Rape, Involuntarily Deviate Sexual Intercourse, Unlawful Restraint, Simple Assault and Criminal Conspiracy. Following the denial of post-trial motions on May 18, 1983, the trial court, per the late Honorable Robert A. Dauer, sentenced the Petitioner to an aggregate sentence of 25-50 years imprisonment on May 20, 1983. The Pennsylvania Superior Court affirmed the judgment of sentence on April 14, 1985 at No. 773 Pittsburgh 1983. The Pennsylvania Supreme Court denied Petitioner's Petition for Allowance of Appeal on October 21, 1985 at No. 252 W.D. Allocatur Docket 1985.

On March 24, 1997, Petitioner filed a *pro se* PCRA petition. The Court appointed counsel who filed an amended PCRA petition. The Court dismissed the petition as untimely filed on July 21, 1998. On appeal from the Order dismissing the petition, the Pennsylvania Superior Court remanded the case for an evidentiary hearing to determine timeliness on August 27, 1999.

Following the evidentiary hearing, Judge Dauer issued a Memorandum Opinion on March 8, 2001 in which the Court found that the PCRA petition was timely filed and scheduled a hearing for April l6, 2001.

Following the death of the trial judge, the case was assigned to the undersigned in 2003. On July 24, 2003, this Court entered an Order of Court ordering Petitioner to file any amendments to his PCRA petition and a post-conviction DNA testing motion if desired. The Court further ordered that if no amendments or testing motions were filed by August 27, 2003, the case would be disposed of. On August 26, 2003, the Court granted David Cercone, Esquire, leave to withdraw his appearance because, according to Petitioner's motion, Petitioner wished to be represented by the Innocence Project of the Benjamin Cardozo Law School (Petition for Leave to Withdraw as Counsel, August 26, 2003, paragraphs 6-11).

On October 22, 2003, the Court appointed John Kent Lewis, Esquire, to represent Petitioner and on January 14, 2004, attorney Lewis filed a Motion for Extension of Time to File Amended PCRA Petition which was granted. On January 10, 2005, Petitioner filed an amended PCRA petition and the Commonwealth filed an Answer on April 15, 2005. On September 20, 2006, attorney Lewis filed a Motion to Withdraw Appearance which the Court granted and appointed John Elash, Esquire to represent Petitioner on that same date.

On August 31, 2007, an evidentiary hearing took place on the second amended PCRA petition where Petitioner appeared and was represented by John Elash, Esquire. On January 1, 2008, attorney Elash filed a Brief in Support of Amended PCRA Petition. On February 7, 2008, the Commonwealth filed its Answer to Brief in Support of Amended PCRA Petition. Throughout the proceedings, Petitioner continued to file various motions *pro se* or through counsel.

On December 29, 2008, the Court entered an Order dismissing the Amended PCRA Petition. The Order clearly stated "The Petitioner has the right to appeal to the Superior Court of Pennsylvania within 30 days after the entry of this Order." The Assistant District Attorney and John Elash, Esquire, were served with copies of the Order.

On June 13, 2012, Petitioner filed a Notice of Appeal from this Court's Order of December 29, 2008. On the same date, Petitioner filed a *pro se* Petition for Reconsideration of the Court's Order of December 29, 2008. By Order dated July 10, 2012, the Court dismissed the Petition for Reconsideration because this Court lacks jurisdiction while the matter is on appeal to the Superior Court of Pennsylvania.

Petitioner's Notice of Appeal from the Order of December 29, 2008 was filed more than 3 1/2 years following the Order from which the appeal was taken. No reason for the late appeal was provided. The Notice of Appeal is clearly untimely. Pa.R.App.P. 903.

In his Concise Statement of Matters Complained of on Appeal, Petitioner complains that the PCRA proceedings were inordinately delayed. Petitioner, however, did not file his *pro se* petition under the PCRA until March, 1997. The proceeding was delayed because Judge Dauer appointed counsel and counsel filed an amended petition. After Petitioner's counsel filed a Notice of Appeal from Judge Dauer's dismissal of the PCRA petition, counsel sought leave to withdraw because she had accepted a position with the District Attorney's office. New counsel was appointed and filed a brief. The Pennsylvania Superior Court remanded the case on August 27, 1999. Even while represented by counsel, Petitioner continued to file *pro se* motions.

The Court has set forth a brief summary of the procedural history of this case. This summary, however, does not include all of the motions and petitions filed by Petitioner either through counsel or *pro se*. It also does not list all of the various attorneys who have been appointed to represent Petitioner. Each withdrawal of appearance by counsel and the appointment of new counsel resulted in motions for extension of time and amended petitions.

In short, the delays in the matter frequently arose from Petitioner's own actions or the Court's granting extensions of time to allow attorneys appointed to represent Petitioner to familiarize themselves with the case, to do necessary research and case preparation. Other administrative delays were unavoidable.

Petitioner cannot now complain that the PCRA proceedings were unduly delayed when much of the delay is attributable to his own actions. The remainder of issues raised in Petitioner's Concise Statement of Matters Complained of on Appeal have been litigated and resolved in previous proceedings or are patently without merit.

For all of the foregoing reasons, Petitioner's appeal from the Order of December 29, 2008 should be dismissed as untimely or the Court's Order of December 29, 2008 should be affirmed.[3]

A notice of appeal was filed on June 13, 2012.

On January 25, 2013, the Superior Court wrote:

Upon examination of the original record transmitted to this court, the motion is GRANTED, such that the instant appeal is QUASHED as untimely filed. Appellant filed his notice of appeal from a December 29, 2008 order on June 13, 2012. See Pa.R.A.P. 903(a). Moreover, the record indicates that the December 29, 2008 order was served on appellant's counsel at the time, John Elash, Esquire.[4]

Leave to appeal to the Pennsylvania Supreme Court was denied on July 3, 2013.[5]

The instant petition was allegedly executed on July 1, 2014; post-marked on September 16, 2014 and not received by this Court until September 18, 2014.[6] In this petition, Milner contends he is entitled to relief on the following grounds:

1. Police detectives violated Mr. Milner's 6th Amendment right(s) to have his requested and retained defense counsel (Bruce Carsia) present for representation at a pre-arranged interrogation.
2. The critical factual issue of whether from the outset Mr. Milner's arrest, interrogation, conviction would not have occurred but for substantive ineffectiveness of Bruce A. Carsia, his prior counsel's acquiescing in acts of subterfuge and waiver.
3. Mr. Milner was denied fundamental fairness, alibi defense and the right to call his alibi witnesses at trial.
4. It was both a denial of due process by the trial judge to accept a stipulation/agreement/waiver of substantial medical evidence and the judge was in error to waive calling a crucial medical/material witness without holding a colloquy to ascertain if in fact Mr. Milner acquiesced in the waiver.
5. Trial counsel was ineffective for failing to present available character witnesses who can attest to the defendant's reputation as a peaceful and non-violent person.

---

[3] See also: Exhibit 62 to the response (App.837-842).
[4] See: Exhibit 66 to the response (App.1049).
[5] See: Exhibit 72 to the response (App. 1107).
[6] It strains credulity to believe it took the mail two and a half months to travel a distance of about 60-65 miles. Nevertheless, in his opposition to the original Report and Recommendation, the petitioner asserted that in attempting to file his petition in this Court he mailed it to the Clerk of the United States District Court at 700 Grant Street, P.O. Box 1805, Pittsburgh, PA. We do note that there was some confusion at the Post Office about discontinuation of the use of the P.O. Box, so out of an abundance of caution, we directed that a response be filed.

6. Mr. Milner has been denied due process of law since the trial court admitted and the jury took into account the unproven elements, nature and essence of conspiracy in 18 Pa.C.S.A. §903(a)(1), as opposed to procedure/law and rules applied in 903(e).
7. Trial counsel was ineffective for introducing Milner's prior criminal record, eliciting information about a trial some six (6) years past, thus prejudicially destroying Mr. Milner's credibility before the jury this instance.
8. Trial counsel failed to move to suppress and/or object to the introduction of unverified photograph evidence and exhibits. The trial court erred in admitting same photographs as evidence.
9. Mr. Milner was denied his constitutional right to a fair trial by both the Commonwealth's attorney and by his own defense counsel's failure to honor his request for DNA testing performed on samples taken from the alleged victim.
10. Mr. Milner was denied due process. He suffered from the lack of a complete trial transcript and record thus making meaningful appellate review impossible and now necessitates a new trial.
11. Instantly a reversal of conviction and new trial is justified in this case because the incomplete trial transcripts and records also the failure by Commonwealth's attorney to disclose both the medical reports/material witnesses held in its exclusive control.
12. It was unconstitutional substantive error and a denial of access to meaningful appellate review when the state court dismissed his first PCRA petition as being untimely without first affording Milner either an evidentiary hearing or a new trial because of the prejudicial hardship visited upon him from having an incomplete transcript.
13. Mr. Milner was denied a meaningful hearing limited solely to prove that he was prejudice in his ability to marshal the facts because District Attorney's office totally withheld names of material witnesses and the physical evidence relative to DNA testing results performed on the rape kit.
14. The petitioner was denied both procedural and due process at trial and by the lack of usage of after discovered evidence of judicial and prosecutorial misconduct on appeal.
15. It was a violation of Mr. Milner's constitutional protection, a denial of due process, and fundamental fairness to deny his first PCRA petition.
16. Trial counsel was ineffective for failing to interview, investigate and present testimony from known and available witnesses, and that appellate counsel John Kent Lewis and John Elash, who replaced him … despite not having the court's approval to withdraw from the case, or be dismissed from their representation of Mr. Milner's stated claims.
17. The order appealed from was issued in violation of the Supremacy Clause, Article VI Section 2 of the United States Constitution.
18. The court must accord the Supremacy Clause of the case and then apply the new U.S. Supreme Court decisions pursuant to the law of the land … accord "House v. Bell" per the Harper Rule retroactively relate back to all cases

5

> under appeal, and must grant Mr. Milner an evidentiary hearing … nunc pro tunc.
> 19. Milner is held incarcerated by the Pa. Department of Corrections in violation of the United States Constitution.
> 20. There was a miscarriage of justice, a break down in the court's judicial notification procedure that caused a denial of due process.

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

On October 16, 2014, prior to service of the petition, we entered a Report and Recommendation recommending that the petition be dismissed as time barred (ECF 7).[7] Timely objections were filed by petitioner and as a result the Report and Recommendation was vacated and a response ordered. On January 15, 2015 the instant

---

[7] We note that on September 24, 2014, the petitioner was directed to show cause, if any why the petition should not be dismissed as time barred (ECF 6). When no response was received, on October 16, 2014, we entered the above noted recommendation that the petition be dismissed as time barred.

Motion to dismiss the petition as time barred was filed. On February 12, 2015, petitioner filed a response to the Motion (ECF 23).

In the instant case, leave to appeal to the Pennsylvania Supreme Court was denied on October 21, 1988, certiorari was not sought, and his conviction became final on January 19, 1989. Gonzalez v. Thaler, 132 S.Ct. 641 (2012). The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner did not seek post-conviction relief until March 24, 1997. That petition was denied as untimely, a decision which was reversed and remanded. On March 8, 2001, the Court of Common Pleas deemed that petition timely. An amended petition was filed on January 10, 2005. Following a hearing the latter petition was dismissed on December 29, 2008. A notice of appeal was not filed until June 13, 2012[8]. On January 25, 2013 the Superior Court quashed the appeal as untimely and leave to appeal to the Pennsylvania Supreme Court was denied on July 3, 2013.[9] The instant petition though allegedly executed on July 1, 2014 was not received in this Court until September 18, 2014. Thus, accepting that the post-conviction appeal was ultimately deemed untimely as it was filed three and a half years after the order from which the untimely appeal was taken, and the passage of about an additional year before Milner sought relief here, the instant petition is time barred unless petitioner can demonstrate a basis for equitable tolling. Day v. McDonough, 547 U.S. 198(2006); United States v. Bendolph, 5409 F.3d 155 (3d Cir.2005)(en banc).

On September 24, 2014, we entered an Order directing the petitioner to show cause, if any, why the petition should not be dismissed as time barred (ECF No.6). Despite the passage of time in which to reply, the petitioner failed to do so although he did submit a response to the recommendation that the petition be dismissed as time barred.

Because it is readily apparent that the instant petition is barred by the statute of limitations and no reasonable basis for tolling that statute has been demonstrated, it is recommended that the petition of Winfred A. Milner be dismissed as time barred, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

---

[8] Pa.R.App. P. 903 provides that a notice of appeal must be filed within thirty days. See also: Exhibit 65 to the response (App.1026).
[9] See: Exhibit 22 to the response.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date and mailing them to United States District Court, 700 Grant Street, Pittsburgh PA 15219-1957. Failure to file timely objections will waive the right to appeal.

Filed: March 12, 2015

Respectfully submitted,
s/ Robert C. Mitchell
United States Magistrate Judge