IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WINFRED A. MILNER,<br>Petitioner,<br><br>vs.<br><br>COMMONWEALTH OF PENNSYLVANIA, et al.,<br>Respondents. | 2:14cv1282<br>Electronic Filing |

## MEMORANDUM ORDER

On March 12, 2015, United States Magistrate Judge Robert C. Mitchell filed a Report and Recommendation (ECF No. 24), recommending that the motion to dismiss filed by the respondents (ECF No. 16) be granted, that the petition for writ of habeas corpus submitted by petitioner Winfred A. Milner (ECF No. 4) be dismissed as time barred and that a certificate of appealability be denied.

Service of the Report and Recommendation was made on the parties, and the petitioner filed objections (ECF No. 25) on April 1, 2015.

In his objections, the petitioner contends that he is entitled to equitable tolling of the statutory filing period, see Holland v. Florida, 560 U.S. 631 (2010), on the basis that his post-conviction counsel, John Elash, "essentially abandoned him" and never told him that, on December 29, 2008, the Court of Common Pleas of Allegheny County had dismissed his PCRA petition. It was because of this, he contends, that he did not file a notice of appeal in the Pennsylvania Superior Court until June 13, 2012, an appeal which the Superior Court quashed as untimely on January 25, 2013. Petitioner argues that, counting one year from July 3, 2013, the date the Pennsylvania Supreme Court denied his petition for allowance of appeal from the

Superior Court's order, his petition was timely filed in this Court on July 1, 2014, the date he handed the papers to prison officials (even though they were later returned to him and he resent them and they were not received in this Court until September 18, 2014) (ECF No. 1).

Ultimately, however, as explained in the respondents' motion to dismiss, the petitioner's arguments are unavailing. His fundamental error is the premise that he had one year from the date the state courts concluded their review of his PCRA petition in which to file his petition in this Court. He did not. Rather, 264 days had already lapsed from AEDPA's date of enactment (April 24, 1996) – which is used as the starting point because his conviction predated the statute – to the date he filed his PCRA petition, January 13, 1997. Therefore, he had only 101 days left in which to file a timely habeas petition in this Court.

Even giving the petitioner every benefit of the doubt, his petition is still untimely by over eight months. That is, even if he is entitled to equitable tolling during the period of time during which he claims not to have known about the dismissal of the PCRA petition, he ultimately learned that the petition had been dismissed and filed a notice of appeal in the Superior Court on June 13, 2012. That appeal came to an end on July 3, 2013, when the Pennsylvania Supreme Court denied his petition for allowance of appeal. His remaining 101 days expired on October 12, 2013, but he did not submit his petition to this Court for another 262 days thereafter (accepting his argument that he actually placed the papers into the custody of prison officials on July 1, 2014). By any measure, his petition was clearly untimely filed.

AND NOW, this 15th day of April, 2015,

IT IS ORDERED that the respondents' motion to dismiss (ECF No. 16) is granted, the petition for writ of habeas corpus is dismissed as time barred and a certificate of appealability is denied.

IT IS FURTHER ORDERED that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure if the petitioner desires to appeal from this Order he must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P.

Magistrate Judge Mitchell's Report and Recommendation dated March 12, 2015 (ECF No. 24) is adopted as the opinion of the Court, as supplemented by the instant Memorandum Order.

*DS Cercone*

David Steward Cercone
United States District Judge

cc: Winfred A. Milner
AP-6690
SCI Mercer
801 Butler Pike
Mercer, PA 16137
(*Via First Class Mail*)

Ronald M. Wabby, Jr., Esquire
(*Via CM/ECF Electronic Mail*)